## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ANTWAN TATUM
ADC #143961                                                                                              PLAINTIFF

V.                                      2:13CV00151 DPM/JTR

MITCHELL, Sergeant,
East Arkansas Regional Unit, ADC, et al.                                        DEFENDANTS

## ORDER

Plaintiff, Antwan Tatum, is a prisoner proceeding *pro se* in this § 1983 action.

He has recently filed several non-dispositive Motions, which the Court will address

separately.

### I.   Motion for Appointment of Counsel

Plaintiff seeks the appointment of counsel. *Doc. 42*.  A *pro se* litigant does not

have a statutory or constitutional right to have counsel appointed in a civil case.

*Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*,

146 F.3d 538, 546 (8th Cir. 1998).  However, the Court may, in its discretion, appoint

counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim

and that "the nature of the litigation is such that plaintiff as well as the court will

benefit from the assistance of counsel."  *Johnson v. Williams*, 788 F.2d 1319, 1322

(8th Cir. 1986).  In making this determination, the Court must weigh and consider the

following factors:  (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims.  *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex.  Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel.  Under these circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time. Thus, the Motion for Appointment of Counsel is denied.

## II.  Motions to Compel

Plaintiff has filed two Motions asking the Court to compel Defendants to provide him with certain information and documents.  *Docs. 23 & 45.*  That request is premature because Defendants have not yet filed their Answers or other responsive pleadings.  After they do so, Plaintiff must *mail* his discovery requests and responses *directly to Defendants' attorney*, without filing those requests or responses in the record.  *See* Fed. R. Civ. P. 5(d).  If Defendants' answers violate the Federal Rules of Civil Procedure, Plaintiff may then file a Motion to Compel with the Court.  *See* Fed. R. Civ. P. 33, 34, 36 & 37. Therefore, the Motions to Compel are denied.

## III.  Motions for Service

Plaintiff has filed two Motions asking the Court to serve Defendants Brooks

and Mitchell. *Docs. 26 & 38.* The Court is currently in the process of attempting service on Defendant Mitchell at his sealed forwarding address. *Doc. 18.* Additionally, Plaintiff has not complied with the February 19, 2014 Order directing him to provide a service address for Defendant Brooks.[1] *Doc. 20.* Thus, the Motions for Service are denied.

## IV.  Motion for an Extension of Time

Plaintiff has filed a Motion seeking an extension of time to provide a service address for Defendant Mitchell. *Doc. 40.* The Court finds good cause for granting that request. After Defendants file an Answer, the Court will issue an Initial Scheduling Order that imposes a new deadline for providing that service information.

## V.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Motion for Appointment of Counsel (*Doc. 42*) is DENIED.

2.      Plaintiff's Motions to Compel (*Docs. 23 & 45*) are DENIED.

3.      Plaintiff's Motions for Service *(Docs. 26 & 38)* are DENIED.

4.      Plaintiff's Motion for an Extension of Time (*Doc. 40)* is GRANTED, and a new deadline for providing service information for Defendant Mitchell will be imposed in the Initial Scheduling Order.

---

[1]Once the other Defendants file an Answer or other responsive pleading, Plaintiff can mail them discovery requests aimed at obtaining a valid service address for Defendant Mitchell.

Dated this 26th day of March, 2014.


_____
UNITED STATES MAGISTRATE JUDGE