**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ANTWAN TATUM
ADC #143961                                                                                           PLAINTIFF

V.                                     2:13CV00151 DPM/JTR

MITCHELL, Sergeant,
East Arkansas Regional Unit, ADC, et al.                                          DEFENDANTS

## ORDER

Plaintiff, Antwan Tatum, has filed this *pro se* action alleging that Defendants used excessive force against him, failed to protect him from harm, and failed to provide him with adequate medical care for his injuries. Plaintiff has filed six non-dispostiive Motions, which the Court will address separately.

### I. Motion for An Extension of Time

Plaintiff has filed a Motion seeking additional time to provide a valid service address for Defendants Mitchell and Brooks. *Doc. 106.* The Court has already attempted service on those two Defendants at the Arkansas Department of Correction, their last known private mailing addresses, and their forwarding addresses. *Docs. 10, 11, 13, 17, 18, 19, 20,* 49, 55, 67, 69. Thereafter, the Court gave Plaintiff 60 days, and later a 60 day extension, to provide a valid service address for each Defendant. *Docs. 55 & 87.* Because Plaintiff has already been given ample time to provide the service

information, his Motion for an Extension of Time is denied.

## II. Motion for Contempt

Plaintiff has filed a Motion for Contempt asserting that Defendants did not properly comply with the July 14, 2014 discovery Order and otherwise failed to properly respond to his discovery requests. *Doc. 95.* After Plaintiff filed his Motion, Defendants provided him with the requested discovery materials, and Plaintiff signed an Affidavit stating that he was satisfied with the provided discovery responses. *Doc. 125, Ex. A.* Thus, the Motion for Contempt is dismissed as moot.

## III. Second Motion for the Appointment of Counsel

Plaintiff has filed a Second Motion seeking the appointment of counsel. However, he has not provided a sufficient reason for the Court to reconsider the prior denial of that request. *Docs. 42 & 49.* According, Plaintiff's Second Motion for Counsel is denied. *Doc. 113.*

## IV. Motion for Leave to Amend the Complaint

Plaintiff seeks permission to file a Second Amended Complaint adding new claims that Warden Ball, Warden Burl, and Captain Jackson: (1) caused the alleged use of excessive force by failing to properly train Defendants Mitchell, Brooks, and Phillips; and (2) somehow prevented him from filing criminal charges against Defendant Mitchell. *Doc. 116.* Defendants strongly object to Plaintiff's request. *Doc.*

*125.*

This case was filed in November of 2013, the discovery deadline expired on September 15, 2014, and dispositive motions are due on October 15, 2014. *Docs. 2 & 127.* Nevertheless, Plaintiff did not seek leave to add his two new claims against three new Defendants until August 25, 2014. *Doc. 116.* Allowing the addition of new claims and Defendants, at this late stage in the proceeding, would result in undue prejudice to the Defendants. *See Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (explaining that leave to amend may be denied if there is "undue delay, "undue prejudice to the non-moving party," or "futility of the amendment").

Further, although he has had ample time to conduct discovery, Plaintiff has not provided *any facts or documents* to support his conclusory allegations against Ball, Burl, and Jackson. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim). Thus, his Motion for Leave to Amend the Complaint is denied.

### V.  Motion for a Subpoena

Plaintiff has filed a "Motion for Subpoena" that asks the Court to serve Defendants Mitchell and Brooks, because he has been unable to find a valid service address for either Defendant. *Docs. 119.* As previously discussed, the Court has

already attempted to serve Defendants Mitchell and Brooks at their last place of employment, their last known private addresses, and their last known forwarding addresses. It is Plaintiff's obligation to provide the Court with a valid serve address for Defendants Mitchell and Brooks. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). He has not done so. Thus, the Motion for a Subpoena, which is more properly construed as a Motion for Service, is denied.

### VI. Plaintiff's Sixth Motion to Compel

Plaintiff has filed a Motion asking the Court to compel Defendants to produce: (1) his phone records from November 26, 2010 to December 1, 2010; (2) colored photographs of his injuries; and (3) the names and photographs of *all* nurses working at the EARU. *Doc. 128.* Defendants explain that they do not have the requested phone records, and that they have already provided Plaintiff with all photographs they have of his injuries. *Doc. 134.* Plaintiff has not explained why he needs the names and/or photographs of all the nurses who work at the EARU. That request is clearly over broad and seeks irrelevant information. Defendants have already properly provided Plaintiff with copies of his relevant medical records, which contain the names of the nurses who actually treated and/or examined him. Accordingly, the Motion to Compel is denied.

## VII. Conclusion

1. Plaintiff's Motion for an Extension of Time *(Doc. 106)* is DENIED.

2. Plaintiff's Motion for Contempt *(Doc. 110)* is DENIED, AS MOOT.

3. Plaintiff's Second Motion for Appointment of Counsel (Doc. 113) is DENIED.

4. Plaintiff's Motion for Leave to Amend the Complaint *(Doc. 116)* is DENIED.

5. Plaintiff's Motion for a Subpoena, which is more properly characterized as a Motion for Service (*Doc. 119*), is DENIED.

6. Plaintiff's Sixth Motion to Compel *(Doc. 128)* is DENIED.

Dated this 7th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE